CONES AND POLLOCK, APPELLEES, v. JOHN D. NELIGH AND
OTHERS, APPELLANTS.

1. **Power of Attorney.** A power of attorney, which in terms
authorised an agent simply to sign the name of his principal to
a mortgage, confers no authority on such agent to execute a prom-
issory note in the name of his principal and then to negotiate
both note and mortgage as collateral security for a loan to him-
self.

2. ———. The power of attorney, being of record, is notice to those
dealing with the agent, of the extent of his authority to bind the
principal under it.

THIS was an appeal from a decree rendered by GRIF-
FEY, J., in the district court of Cuming county. It was
an action for the foreclosure of certain mortgage deeds
alleged to have been executed and delivered by the de-
fendant, John D. Neligh and Catharine B. Neligh, to
secure the payment of a certain promissory note for
$4,000, payable to the order of Elizabeth H. Hall,
alleged to have been made, executed, and delivered by
said John D. Neligh. The plaintiffs further alleged that
the said note was transferred to them by the said Eliza-
beth H. Hall. The said note and mortgage deeds are
attached to said petition and made part thereof, which
show that the same are signed for said John D. Neligh
by one John H. Hall, as the attorney in fact for Neligh,
and that the said indorsement in the transfer of said
note to the plaintiffs, is also signed for said Elizabeth
H. Hall, by said John H. Hall, as the attorney in fact
for the said Mrs. Hall.

The defendant Neligh, answered, denying the execu-
tion and delivery of said note and mortgages, or that he
authorized John H. Hall, or any one else, to make, exe-
cute and deliver the same for him, and alleges that at

the time said John H. Hall assumed to act as his agent, he in fact acted for and was the agent of Elizabeth H. Hall; and Mrs. Neligh answering, says: that she never delivered said mortgage or said mortgages to said Mrs. Hall, and that her signature to said mortgage deeds was procured by the said John H. Hall through fraud and misrepresentation; that said John H. Hall represented himself as being the agent of said John D. Neligh, and that he would obtain a loan from said Elizabeth H. Hall of $4,000 for Neligh upon said note and mortgages, when in fact the said John H. Hall was the agent and attorney of the said Elizabeth H. Hall, and acted for her and in her behalf and for her advantage solely, and never intended and never did obtain said loan of $4,000, or any part thereof, for Neligh from said Mrs. Hall, or from any one else; that said John H. Hall and said Elizabeth H. Hall conspired together to obtain the said note and mortgage deeds for their own advantage and benefit only, and not as agent or agents for Neligh, and that said John D. Neligh, or said Catherine B., have never received from said John H. Hall or Elizabeth H. Hall or any one else the sum of $4,000 or any part thereof; she further denies that said John H. Hall was the authorized agent of said Neligh for him and in his name to make, execute and deliver said note and mortgage deeds.

The decree below was in favor of plaintiffs and Neligh appealed.

*Uriah Bruner*, for appellant, cited Gen. Stat., 873. *Fish v. Davis*, 62 Barb., 122. *Berry v. Anderson*, 22 Ind., 36. Story on Agency, 51. *Ingraham v. Disborough*, 47 N. Y., 421. *Rice v. Dewey*, 54 Barb., 455. *Parmelee v. Simpson*, 5 Wall., 81.

LAKE, CH. J.

It is only necessary to notice a single one of the many questions presented by this record.

There is no pretense that John H. Hall had any authority to use Neligh's name except such as he derived from the power of attorney produced upon the trial.  But this, certainly, by the most liberal construction, did not authorize him to execute, in Neligh's name, a promissory note for four thousand dollars to accompany the mortgage mentioned in the power of attorney, and then to negotiate both note and mortgage as collateral security for a loan of five hundred dollars to himself.

Not only is it impossible to give this instrument so comprehensive a meaning, but there is nothing in the testimony of Hall himself as to the object for which the power of attorney was given, which would authorize him to bind Neligh in this manner.

The language of this power of attorney is very brief, and clearly expressed.  It simply authorizes Hall to sign Neligh's "name, as grantor, to a mortgage, or mortgages," on certain real estate therein particularly described, nothing more.  The instrument was of record, and was notice to the plaintiffs of the extent of the authority which it gave.

This is a clear case of the agent exceeding the authority given by his principal, and in a matter to which the principal cannot be bound without his consent.

Several other questions were raised and discussed on the trial, but we deem this to be the really important one, and its determination decisive of the case.

The judgment of the court below must be reversed, and a decree entered in favor of the defendants dismissing the case.

JUDGMENT ACCORDINGLY.